**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DAVID RODRIGUEZ,** | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B: 09-255 |
| | § | |
| **WARDEN PEREZ, ET AL.,** | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Magistrate Judge is the civil rights complaint filed by Plaintiff David Rodriguez ("Rodriguez") on November 17, 2009. Dkt. No. 1. Rodriguez is proceeding in forma pauperis. Dkt. Nos. 8, 9. The United States Marshal Service has been unable to effectuate service on Defendants Alvarez, Hernandez and Olivarez, because of Rodriguez's failure to adequately identify these defendants. The Court repeatedly has informed Rodriguez that additional information is necessary to effectuate service. Dkt. Nos. 24, 34, 48. Rodriguez has failed to comply with any of those orders.

Furthermore, Defendant Dr. Steven Mercado, who is employed by the University of Texas Medical Branch – an agency of the State of Texas – filed a motion requiring Rodriguez to explain why Mercado was not entitled to qualified immunity, pursuant to Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995). Dkt. No. 37. The Court issued two orders mandating that Rodriguez file such a brief. Dkt. No. 38, 48. Rodriguez failed to comply with these orders.

For these reasons, the Court recommends that Rodriguez's claims against Hernandez, Alvarez and Olivarez be dismissed for lack of timely service. The Court further recommends that Dr. Mercado be found to have qualified immunity for his actions and that Rodriguez's claims against Dr. Mercado should be dismissed with prejudice.

**I. Background**

In his civil rights action, Rodriguez named as defendants Orlando Perez, Jesus Trevino, Alma Garcia, "Olivarez," "Hernandez," "Alvarez," Sotero Soliz and Dr. Steven Mercado, for actions taken while Rodriguez was a prisoner housed at the Willacy County Unit.[1] Dkt. No. 1. Rodriguez alleged that Dr. Steven Mercado failed to provide proper medication and denied Rodriguez "the right to go to John Seally Hospital to take care of a medical issue." Dkt. No. 1, p. 5. According to Rodriguez, Mercado stated that "I was just a waste of time." Id.

Rodriguez alleged that correctional officer Alvarez violated his Eighth Amendment rights, "retalliation [sic] harrasment [sic], threatened to mace me for no reason." Dkt. No. 1, p. 5.

Rodriguez made a conclusory claim that Olivarez "violated my Fourth Amendment [rights], threats to commit injury." Dkt. No. 1, p. 5. Rodriguez made a similar claim against Hernandez, claiming that Hernandez committed "threats, retalliation [sic], harassment" against him. Id.

The complaint and summons were sent to the defendants at the addresses provided by Rodriguez. On June 29, 2010, the certified mail summons sent to Hernandez was refused by the Willacy County Unit for lack of identification of Hernandez's full name. Dkt. No. 17, p. 4. On July 13, 2010, the certified mail summons sent to Dr. Mercado was returned unclaimed. Dkt. No. 20. On July 26, 2010, the certified mail summons sent to Alvarez was returned unclaimed. Dkt. No. 23.

On July 27, 2010, the Court ordered Rodriguez to identify, no later than August 13, 2010, defendants Alvarez and Hernandez with sufficient specificity to permit service. The Court also ordered the United States Marshals Service to effect personal service by hand

---

[1] Defendants Perez, Trevino, Garcia and Soliz have filed answers to Rodriguez's complaint. Dkt. Nos. 21, 22, 32, 33. The claims against these defendants are not addressed in this Report and Recommendation.

delivery upon Dr. Mercado and two other defendants. Dkt. No. 24.

On July 30, 2010, Dr. Mercado was served with a summons via personal service. Dkt. No. 28.

On August 9, 2010, Defendants Warden Perez and Chief Trevino filed an advisory brief with the Court, stating that Olivarez was never properly served. Dkt. No. 31. Olivarez's employment at the Willacy Unit ended prior to the summons being issued and his summons was "inadvertently signed by someone other than Olivarez." Id.

On August 20, 2010, the Court ordered Rodriguez to "identify, no later than September 10, 2010, Defendants Alvarez and Hernandez with sufficient specificity to permit the District Clerk's Office to ... serve the intended defendants." Dkt. No. 34. Rodriguez was also ordered to inform the Court, no later than September 10, 2010, of an address where service can be made as to Olivarez." Id. (internal quotations omitted). Rodriguez was warned that failure to comply could result in dismissal of his claims as to these defendants. Id.

On August 20, 2010, Dr. Mercado filed an answer, which included affirmative defenses of qualified immunity and sovereign immunity. Dkt. No. 35. Dr. Mercado requested that the Court require Rodriguez to file a reply to the qualified immunity defense, pursuant to Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995). Dkt. No. 37. On August 20, 2010, the Court ordered Rodriguez to respond to the defense of qualified immunity no later than September 15, 2010. Dkt. No. 38.

On September 10, 2010, Rodriguez filed notice of his change of address to South Texas ISF penal facility and requested a copy of the answers filed by Defendants Perez and Trevino. Dkt. No. 43. Copies of the previous orders – which instructed Rodriguez to provide additional information concerning Defendants Hernandez, Alvarez and Olivarez, as well as the order regarding qualified immunity – were sent to Rodriguez's new address. Dkt. No. 41.

On October 14, 2010, the Court ordered Rodriguez to "identify defendants Hernandez and Alvarez with sufficient specificity to allow for service; provide an address for service upon Olivarez; and file a brief concerning Dr. Mercado's claim of qualified immunity." Dkt.

No. 48.  Rodriguez was ordered to do so no later than November 5, 2010. Id.  Rodriguez was warned that a failure to comply "would be taken as a representation by Rodriguez that he is no longer interested in prosecuting his claim against these defendants." Id.

On October 20, 2010, a copy of that order was signed for at South Texas ISF. Dkt. No. 50.  Rodriguez did not comply with this order.

## II. Applicable Standards

### A. Dismissal for Lack of Timely Service

"If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).  "Once the in forma pauperis plaintiff has taken reasonable steps to identity the defendant(s) . . . the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996) (emphasis added).  While prisoners "proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

### B. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).  A dismissal without prejudice operates as a dismissal with prejudice if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)

A case should be dismissed with prejudice for want of prosecution only if there is "a

clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir.1992). Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

### C. Qualified Immunity

"When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail." Schultea, 47 F.3d at 1433. If the Court orders a brief pursuant to Schultea and the plaintiff does not respond with sufficient specificity, the Court is to "dismiss the complaint." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999).

## III. Analysis

### A. Olivarez, Hernandez and Alvarez

Over a year has passed since Rodriguez filed this lawsuit; Olivarez, Hernandez and Alvarez have yet to be served with the complaint. On its face, it is clear that more than 120 days have elapsed since the filing of this complaint and dismissal pursuant to FED. R. CIV. P. 4(m) is appropriate.

As a pro se plaintiff proceeding in forma pauperis, Rodriguez is entitled to rely on the United States Marshal Service to effectuate service. Rochon, 828 F.2d at 1110. However, Rodriguez is required to take "reasonable steps to identity the defendant(s)." Lindsey, 101 F.3d at 446. Rodriguez has not done so in this case.

The Court issued three separate orders, July 27, 2010, August 20, 2010, and October 14, 2010; each order identified the failure to serve Hernandez and Alvarez, because of the lack of sufficient information. Dkt. Nos. 24, 34, 48. Rodriguez was informed that Hernandez and Alvarez "are common surnames" and that further identification was needed "to accurately locate the person against whom Rodriguez intended to bring suit." Dkt. No. 24.

The August 20th and October 14th orders informed Rodriguez that Olivarez no longer worked at Willacy. That order required Rodriguez to provide an address where service could be made as to Olivarez. Dkt. Nos. 34, 48. All three orders informed Rodriguez that failing to respond could result in dismissal of his suit against those defendants. Dkt. Nos. 24, 34, 48.

All of the orders were sent to Rodriguez's last known address. Dkt. Nos. 26, 36, 49. When Rodriguez's address changed, the July 27th and August 20th orders were again sent to Rodriguez at South Texas ISF. Dkt. No. 41. The certified mail receipt was signed by "E. Hughes" on August 30, 2010. This was the Plaintiff's last known address and there is nothing in the record to indicate that Rodriguez did not receive those documents.

The October 14, 2010 order was sent to Rodriguez at South Texas ISF. Dkt. No. 49. On October 20, 2010, "C. Brooks" signed the certified mail receipt for the order. Again, this was the Plaintiff's last known address and there is nothing in the record to indicate that Rodriguez did not receive this document.

The Court has given Rodriguez three separate opportunities to sufficiently identify Alvarez and Hernandez – and two opportunities as to Olivarez – warning him each time of the consequences of failing to act. Rodriguez has failed to respond to any of the Court's orders. Rodriguez has not taken "reasonable steps to identity the defendant(s)." Lindsey, 101 F.3d at 446. The time for service has expired. It is recommended that the claims against Hernandez, Alvarez and Olivarez be dismissed for lack of timely service pursuant to FED. R. CIV. P. 4(m).

Furthermore, Rodriguez's repeated failure to "comply with any order" of the Court supports dismissal of the claims against Hernandez, Alvarez and Olivarez without prejudice. The Court recognizes that a dismissal without prejudice operates as a dismissal with prejudice if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden, 644 F.2d at 505 (emphasis added). Rodriguez does not specify the dates on which the complained-of incidents occurred. For purposes of this recommendation, the Court assumes that any dismissal would constitute a dismissal with

prejudice. Even if dismissal in this case was with prejudice, Rodriguez's complaints against these defendants should be dismissed.

Rodriguez has failed to respond to – let alone comply with – three court orders that clearly explained the actions required of him. This delay is attributable to Rodriguez, who is a pro-se plaintiff. Furthermore, this delay is caused by what can only be characterized as intentional conduct over an extended period of time. Rodriguez was clearly instructed as to what actions he needed to take; those orders were sent to his last known address[2]; and he has consciously chosen not to respond to those orders. Because the delay was caused by Rodriguez and is an intentional delay, two of the aggravating factors are present. See Berry, 975 F.2d at 1191 (listing aggravating factors).

Accordingly, the claims against Hernandez, Olivarez, and Alvarez should be dismissed without prejudice. However, if this dismissal bars re-filing those claims, dismissal with prejudice is justified under the facts of this case.

### B. Dr. Mercado

On August 20, 2010, the Court ordered Rodriguez to file a brief explaining why, in factual detail, Dr. Mercado was not entitled to qualified immunity for his actions. Dkt. No. 38. Rodriguez did not respond. On October 14, 2010 the Court again ordered Rodriguez to respond to Dr. Mercado's claimed immunity; Rodriguez did not respond.

The Fifth Circuit has held that if such a brief is ordered and the plaintiff does not respond with the required detail, the claims against that defendant should be dismissed. Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999). The record is devoid of any reason why Rodriguez should be exempted from this requirement. By failing to respond, despite being afforded two opportunities over a four month period, Rodriguez has forfeited any argument that Dr. Mercado is not entitled to qualified immunity. The Court recommends that Dr.

---

[2] It is Rodriguez's responsibility to keep the Court informed of his current address. Local Rule 83.4. Accordingly, the addresses provided by Rodriguez are presumed to be correct and current.

Mercado be found to have qualified immunity for his actions and that Rodriguez's claims against Dr. Mercado should be dismissed with prejudice.

## IV. Recommendation

WHEREFORE the Court **RECOMMENDS** that the claims against Defendants Olivarez, Hernandez, and Alvarez be dismissed without prejudice for lack of timely service. In the alternative, the claims against those defendants should be dismissed without prejudice for failure to comply with multiple court orders. If the dismissal amounts to one with prejudice, such a dismissal is appropriate under the facts of this case.

The Court further **RECOMMENDS** that the claims against Dr. Mercado be dismissed with prejudice in view of Dr. Steven Mercado's qualified immunity for his actions.

The claims against Trevino, Perez, Garcia and Solis are not affected by this Report and Recommendation.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, on December 6, 2010.

_____
Ronald G. Morgan
United States Magistrate Judge